UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID ANTHONY McKINNEY,

Plaintiff-Appellant,

v.

SARA M. REVELL; SECURITY
GUARD APOSTOLOV; SECURITY
GUARD TRAP,

Defendants-Appellees.

No. 09-1357
(D.C. No. 1:09-CV-00811-ZLW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

Mr. David A. McKinney appeals the district court's July 31, 2009 Order

denying his motion to compel and dismissing his civil rights complaint filed

pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403

U.S. 1988 (1971). The district court dismissed the complaint on the basis that it

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

was legally frivolous. *See* July 31, 2009 Order at 5. We affirm.

Mr. McKinney is a prisoner in the custody of the United States Federal Penitentiary in Florence, Colorado. On April 9, 2009, he filed a pro se complaint naming as defendants Sarah Revell, Prison Warden at the Florence facility; and "Apostolov" and "Trap," both Florence security guards. Mr. McKinney alleged that on February 18, 2008, he was sent to a special housing unit ("SHU") and Mr. Apostolov took his personal property (prescription eye glasses and some legal papers, *see* Rec. vol. I, at 19-20), but did not remit the items to Mr. Trap, the SHU property officer. He also filed a pro se motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

In an order filed on April 9, the magistrate judge instructed Mr. McKinney to submit a certified copy of his inmate trust fund account statement to support his motion to proceed in forma pauperis, and to file his complaint on the proper form. On May 6, the magistrate judge granted Mr. McKinney's request to extend time to cure the deficiencies. On May 15 and June 10, Mr. McKinney filed motions seeking an order directing the prison warden to return his property, allegedly so he could cure the deficiencies. The magistrate judge denied the motions on the basis that Mr. McKinney had failed to demonstrate that he needed access to the property in order to comply with its April 9 order. The magistrate judge again ordered Mr. McKinney to cure the deficiencies within thirty days.

On June 30, Mr. McKinney filed a "Motion to Compel Warden to Return

-2-

Plaintiff's Legal Property, Eye Ware [sic], etc. . . ," alleging that without glasses

he could not read the fine print, including the words on the requisite forms for his

case. The district court denied the motion on the basis that Mr. McKinney failed

to explain why he needed his glasses in order to cure the deficiencies, how his

vision, which was sufficient to enable him to file the several prior motions,

prevented him from submitting his complaint on the proper form,[1] or how the

absence of his legal property otherwise impeded his ability to cure the

deficiencies in this case. Accordingly, the court held the complaint was subject to

dismissal for failure to cure the deficiencies.

The district court nevertheless granted Mr. McKinney's motion to proceed

in forma pauperis. Interpreting his pro se complaint liberally, the court construed

it to assert a due process claim for deprivation of property. The district court

denied the assertion as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(I),

reasoning: "Because Mr. McKinney does not allege, and there is no indication in

the complaint, that the loss of his personal property was the result of anything

other than mere negligence, there is no constitutional violation." *See* July 31,

2009 Order at 5 (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).

In Mr. McKinney's appeal to us from the district court's dismissal, he filed

an affidavit challenging the prison institution's use of the law library as an inmate

---

[1] We note that Mr. McKinney has apparently had no difficulty in filling out the forms for this appeal.

housing facility, thereby preventing his access to legal materials pertaining to his case. *See* McKinney Oct. 9, 2009 Aff. at 1. Although Mr. McKinney may have a colorable argument on this claim, we decline to reach the issue because it was not raised before the district court, nor is there any indication in the record that it was exhausted administratively. *See, e.g.*, *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001) (*Bivens* action subject to dismissal for failure to exhaust administrative remedies).

Having considered the brief and record in this case, we conclude that the district court was correct to dismiss Mr. McKinney's complaint as frivolous. According to the Supreme Court's decision in *Daniels*, the due process clause "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. at 328. Mr. McKinney does not assert an intentional loss or destruction of his property, thus his allegations fall short of supporting a due process claim.[2] Nor has he explained on appeal what the missing legal papers are comprised of and why he needs them to file this lawsuit, the basis for which arose *after* he was separated from his legal papers. Accordingly, substantially for the reasons set forth in the district court's order of

---

[2] Even if the conduct was intentional, no due process violation occurs if there is an adequate alternative state remedy, *e.g.*, a state law conversion claim, for the loss of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

July 31, 2009, we **AFFIRM** the court's dismissal of Mr. McKinney's complaint as legally frivolous under 29 U.S.C. § 1915(e)(2)(B)(i).[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[3] We grant Mr. McKinney's motion to pay the filing fee in partial payments and remind him of his continuing obligation to make such payments until the entire fee has been paid.